IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| LYNNE MILLICAN, individually and as survivor and next of kin to MATTHEW BELLAMY, | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) ) | Case No. 3:22-cv-00807<br>Judge Aleta A. Trauger |
| CORECIVIC, INC. *et al.*, | ) ) |
| Defendants. | ) |

## MEMORANDUM

Before the court is the defendants' Motion to Dismiss (Doc. No. 52), which seeks the involuntary dismissal of this case without prejudice, under Rule 41(b) of the Federal Rules of Civil Procedure, for failure to prosecute. The motion is supported by a Memorandum of Law. (Doc. No. 53.) The plaintiff, Lynne Millican, has not responded to the motion. For the reasons set forth herein, the motion will be granted.

### I. BACKGROUND

The plaintiff's decedent, Matthew Bellamy, was an inmate in the custody of the Tennessee Department of Correction and incarcerated at a facility operated by defendant CoreCivic, Inc., when he died as the result of a drug overdose on October 11, 2021. (Doc. No. 45 ¶ 10.) Lynne Millican, as Matthew Bellamy's next of kin, filed suit in October 2022 against CoreCivic and others, asserting claims arising from his death under state and federal law, including 42 U.S.C. § 1983. (Doc. No. 1.) The plaintiff, through counsel, filed an Amended Complaint in August 2023. (Doc. No. 45.)

In September 2023, counsel for the plaintiff filed a Joint Motion to Withdraw (Doc. No. 47), which the court granted, allowing all three of the plaintiff's attorneys of record to withdraw (Doc. No. 48). In the Order granting the Joint Motion to Withdraw, the court gave the plaintiff thirty days from the date the Order was entered either to have new counsel enter an appearance or to file a notice informing the court that she intended to represent herself going forward. (Doc. No. 48, at 1.) The court also directed the Clerk to send a copy of the Order to the plaintiff by regular mail and by email to the physical and electronic addresses furnished by her counsel in the Motion to Withdraw. (*Id.*) Notably, the copy of the Order mailed to the plaintiff by the Clerk of Court to the plaintiff's last known address was returned to the court as undeliverable. (Doc. No. 51.)

On October 24, 2023, more than thirty days later, the defendants moved to stay discovery deadlines and gave notice of their intent to file a motion to dismiss for failure to prosecute, based on the plaintiff's failure to respond to the Order granting plaintiff's counsel's Motion to Withdraw, as well as her failure to respond to written discovery served on her in April 2023. (Doc. No. 49, at 2.) The court granted that motion, and the copy of that Order mailed to the plaintiff's last known physical address was also returned as undeliverable. (*See* Doc. Nos. 50, 54.)

On November 7, 2023, the defendants filed their anticipated Motion to Dismiss for failure to prosecute, along with a Memorandum of Law. (Doc. Nos. 52, 53.) The plaintiff has not responded to this motion, which argues that the case should be dismissed without prejudice under Rule 41(b), based on the plaintiff's failure to comply with a court Order and failure to prosecute.

II.   **LEGAL STANDARD**

Federal Rule of Civil Procedure 41(b) "confers on district courts the authority to dismiss an action for failure of a plaintiff to prosecute the claim or to comply with the Rules or any order of the Court." *Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 736 (6th Cir. 2008) (citing *Knoll v. AT&T*, 176 F.3d 359, 362–63 (6th Cir. 1999) ); *see also Link v. Wabash R.R. Co.*, 370

U.S. 626, 630 (1962) (recognizing "the power of courts, acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief"); *Carpenter v. City of Flint*, 723 F.3d 700, 704 (6th Cir. 2013) ("It is well settled that a district court has the authority to dismiss *sua sponte* a lawsuit for failure to prosecute."). Dismissal for failure to prosecute is a tool for district courts to manage their dockets and avoid unnecessary burdens on opposing parties and the judiciary. *See Schafer*, 529 F.3d at 736 (quoting *Knoll*, 176 F.3d at 363). The Sixth Circuit therefore affords district courts "substantial discretion" regarding decisions to dismiss for failure to prosecute. *Id.*[1]

Courts are to consider four factors for guidance when deciding whether dismissal under Rule 41(b) is appropriate: (1) the willfulness, bad faith, or fault of the plaintiff; (2) whether the defendant has been prejudiced by the plaintiff's conduct; (3) whether the plaintiff was warned that failure to cooperate could lead to dismissal; and (4) the availability and appropriateness of other, less drastic sanctions. *Knoll*, 176 F.3d at 363 (citing *Stough v. Mayville Cmty. Sch.*, 138 F.3d 612, 615 (6th Cir. 1998) ). "[N]one of the factors is outcome dispositive," but "a case is properly dismissed by the district court where there is a clear record of delay or contumacious conduct." *Id.* (citing *Carter v. City of Memphis*, 636 F.2d 159, 161 (6th Cir. 1980)); *see also Muncy v. G.C.R., Inc.*, 110 F. App'x 552, 555 (6th Cir. 2004) (finding that dismissal with prejudice "is justifiable in any case in which 'there is a clear record of delay or contumacious conduct on the part of the

---

[1] This court's Local Rules provide that "[c]ivil suits that have been pending for an unreasonable period of time without any action having been taken by any party may be summarily dismissed . . . without prejudice to refile or to move the Court to set aside the order of dismissal for just cause." L.R. 41.01(a) (dismissal of inactive cases). However, a district court can dismiss an action for noncompliance with a local rule "only if the behavior of the noncomplying party rises to the level of a failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure." *Tetro v. Elliott Popham Pontiac, Oldsmobile, Buick & GMC Trucks, Inc.*, 173 F.3d 988, 992 (6th Cir. 1999).

plaintiff'" (quoting *Mulbah v. Detroit Bd. of Educ.*, 261 F.3d 586, 591 (6th Cir. 2001))). Because dismissal without prejudice is a relatively lenient sanction as compared to dismissal with prejudice, the "controlling standards should be greatly relaxed" for Rule 41(b) dismissals without prejudice, where "the dismissed party is ultimately not irrevocably deprived of his [or her] day in court." *Muncy*, 110 F. App'x at 556 (citing *Nwokocha v. Perry*, 3 F. App'x 319, 321 (6th Cir. 2001)).

### III. ANALYSIS

#### A. The Plaintiff's Willfulness, Bad Faith, or Fault

Courts within the Sixth Circuit recognize that, "[e]ven where there is no clear evidence of bad faith, failure to respond to a show cause order is indicative of willfulness and fault." *Bourque v. Bank of Am., N.A.*, 3:17-CV-00281, 2019 WL 923789, at *2 (M.D. Tenn. Jan. 18, 2019) (quoting *Hatcher v. Dennis*, No. 1:17-cv-01042, 2018 WL 1586235, at *1 (W.D. Tenn. Mar. 30, 2018)), *report and recommendation adopted sub nom. Bourque v. Lindamood*, 3:17-CV-00281, 2019 WL 914121 (M.D. Tenn. Feb. 25, 2019). In addition, this court's Local Rules provide notice to all *pro se* litigants that they must keep the court and opposing parties apprised of their current address and other contact information. L.R. 41.01(b).

The plaintiff's failure to respond to the Order that she retain new counsel or notify the court that she intended to represent herself, coupled with her failure to notify the court of her current mailing address, can only be deemed willful and must be attributed to the plaintiff. This factor therefore supports dismissal.

#### B. Prejudice to the Defendant

The second factor to examine is whether defendants have been prejudiced by the plaintiff's failure to prosecute. Generally, "[a] defendant is prejudiced by a plaintiff's dilatory conduct if the defendant is 'required to waste time, money, and effort in pursuit of cooperation which [the

4

Case 3:22-cv-00807    Document 55    Filed 12/20/23    Page 4 of 6 PageID #: 281

plaintiff] was legally obligated to provide.'" *Carpenter*, 723 F.3d 700, 707 (quoting *Harmon v. CSX Transp., Inc.*, 110 F.3d 364, 368 (6th Cir. 1997)).

Without actually presenting evidence to support the statement, the defendants claim that they have been prejudiced by making repeated attempts to obtain discovery responses from the plaintiff before her counsel withdrew and that they would be prejudiced if this case is not dismissed, because they would otherwise be required to file a motion for summary judgment. However, "requiring a party to 'expend funds necessary to present a defense does not amount to prejudice warranting dismissal.'" *Id.* (quoting *Rogers v. Kroger Co.*, 669 F.2d 317, 322 (5th Cir. 1982)). The court finds that the defendants have not been significantly prejudiced by the plaintiff's failure to prosecute, except insofar as they were required both to seek a stay and to file their Motion to Dismiss. This factor does not weigh heavily in favor of dismissal, but it does not weigh against dismissal either.

### C. Notice

Whether a party was warned that failure to cooperate could lead to dismissal "is a 'key consideration'" in the Rule 41(b) analysis. *Schafer*, 529 F.3d at 740 (quoting *Stough*, 138 F.3d at 615). In light of the plaintiff's failure to keep the court apprised of her address, it appears that her notice of the fact that her failure to prosecute might result in dismissal may have been strictly constructive rather than actual. The fault for that, as set forth above, lies with the plaintiff herself.

The defendants' filing of the Motion to Stay explicitly signaled their intention to file a motion to dismiss for failure to prosecute and the basis for that motion. They waited another two weeks to actually file the motion, and the court has given the plaintiff ample opportunity to respond before ruling on the motion. In addition, this court's Local Rules put all litigants on notice that the court may summarily dismiss inactive civil cases without prejudice to refiling and that the court may dismiss any case in which a *pro se* litigant fails to provide the court with current contact

information. L.R. 41.01(a), (b). The court finds that the plaintiff was adequately notified that her failure to prosecute could result in dismissal.

### D. Appropriateness of Other Sanctions

The defendants here could have, but did not, move for dismissal with prejudice, and the court finds that the less drastic sanction of dismissal without prejudice is the only available and appropriate sanction. The Local Rules establish that dismissal of inactive cases "shall be without prejudice to refile or to move the Court to set aside the order of dismissal for just cause." L.R. 41.01(a). Dismissal without prejudice balances the court's interest in "sound judicial case and docket management" with "the public policy interest in the disposition of cases on their merits." *Muncy*, 110 F. App'x at 557 n.5; *see also Mulbah*, 261 F.3d at 590–91. Dismissal without prejudice is particularly appropriate in cases of prolonged inactivity and where, as here, the plaintiff appears *pro se*. *See Schafer*, 529 F.3d at 737 (noting that courts apply the four-factor test "more stringently in cases where the plaintiff's attorney's conduct is responsible for the dismissal" (quoting *Harmon*, 110 F.3d at 367)).[2].

### IV. CONCLUSION

For the reasons set forth herein, the court will grant the defendants motion (Doc. No. 52) and dismiss this case without prejudice. An appropriate Order is filed herewith.

ALETA A. TRAUGER
United States District Judge

---

[2] The court also notes that, even though the dismissal is without prejudice, the statute of limitations might ultimately bar refiling.